IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| STACY CURRY,<br><br>    Petitioner,<br><br>v.<br><br>JERRY WARDLOW,<br><br>    Respondent. | Case No. 1:23-cv-01122-JDB-jay |

ORDER DIRECTING CLERK TO MODIFY THE DOCKET AND SEND FORM
AND
DIRECTING PETITIONER TO FILE AN AMENDED PETITION

The Petitioner, Stacy Curry, Tennessee Department of Correction prisoner number 322211, an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, has filed a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus (the "Petition").[1] (Docket Entry ("D.E.") 1.) The $5.00 habeas filing fee has been paid. (D.E. 7.) The Petition is now before the Court on preliminary review. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

Curry challenges his Tennessee conviction for aggravated sexual battery and his sentence of twenty years' imprisonment. Though he used the district's official § 2254 form, he did not complete all sections thereof. Particularly, he did not complete the section relating to the timeliness of the Petition, and it is not addressed in his supporting memorandum. He also failed

---

[1] The Clerk is DIRECTED to record Respondent as Warden Robert Adams Jr., and to terminate Jerry Wardlow as a party to this action. *See* Fed. R. Civ. P. 25(d); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

to complete the section of the form asking him to state his grounds for relief. Finally, Petitioner failed to state whether he exhausted his state court remedies for each ground for relief. The Court therefore lacks the information necessary to proceed with preliminary screening. *See* Habeas Rule 4.

Petitioner is therefore DIRECTED to file an amended petition. He must use or substantially follow the district's official § 2254 form and file the amended petition within twenty-eight days of the entry of this order. Each ground for relief must be listed in the text of the form petition or on separate sheets that conform to the format of pages six through eleven of the form petition. Curry must also address the timeliness of his petition as required by page fourteen of the form. The Clerk is DIRECTED to send the prisoner a § 2254 form.

If the inmate needs additional time to file his amended petition, he may file a motion seeking an extension of time on or before the due date for his amendment. Failure to file an amended petition will result in dismissal of the Petition and the case without further notice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 4th day of November 2024.

                                         s/ J. DANIEL BREEN
                                         UNITED STATES DISTRICT JUDGE