IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| STACY CURRY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:23-cv-01122-JDB-jay |
| WARDEN ROBERT ADAMS, JR., | ) |
| Respondent. | ) |

ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO TIMELY FILE AN AMENDED § 2254 PETITION,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On June 20, 2023, the Petitioner, Stacy Curry, Tennessee Department of Correction prisoner number 322211, an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus (the "Petition"). (Docket Entry ("D.E.") 1.) In a screening order entered November 4, 2024, the Court directed Curry to amend the Petition within twenty-eight days. (D.E. 9.) Petitioner was cautioned that failure to comply with the Court's order would "result in dismissal of the Petition and the case without further notice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." (*Id.* at PageID 62.)

The inmate signed his amended § 2254 petition and placed it in the prison mail system on December 4, 2024, (*see* D.E. 10 at PageID 76), which the Court is to treat as the filing date. *See Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (adopting mailbox rule for pro se prisoner

filings); *see also Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006) ("[W]e treat the petition as filed on the date [the prisoner] signed it.") (per curiam).  However, the deadline to file the amended petition expired on Monday, December 2, 2024.  Because Petitioner did not file his amended petition within the prescribed time period, or seek an extension of time to do so, the Court DISMISSES the case WITHOUT PREJUDICE under Rule 41(b).

## APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner.  Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.  A petitioner may not take an appeal unless a circuit or district judge issues a COA.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. § 2253(c)(2)-(3).  A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  When a petition is denied on procedural grounds, the petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

Petitioner has failed to comply with the Court's November 4, 2024, order by filing an untimely amended § 2254 petition, and reasonable jurists could not debate whether this Court erred in dismissing this matter under Rule 41(b) for want of prosecution. The Court therefore DENIES a COA.

Additionally, Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). For the same reason that Court denies a COA, the Court concludes that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Rule 24(a) that any appeal in this matter would not be taken in good faith and leave to appeal in forma pauperis is DENIED.[1]

IT IS SO ORDERED this 2nd day of January 2025.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner files a notice of appeal, he must pay the full appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).